IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

J&J RENTALS, LLC,
*a New Mexico Limited Liability Company*,

      Plaintiff,

v.                                                                                         2:21-cv-00626-DHU-GBW

BIGHORN CONSTRUCTION & RECLAMATION, LLC, *a Wyoming Limited Liability Company*,

      Defendant.

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Plaintiff's Motion for Default Judgment. Doc. 42. In this matter, Plaintiff filed a "Complaint for Money Due on Open Account" against Defendant in New Mexico state court. Doc. 1-2, 2. The complaint alleges that Defendant is indebted to Plaintiff for $219,830.55. *See id*. According to the complaint, Defendant has refused to pay the debt despite Plaintiff's demand to do so. *See id*. at 3.

      Shortly after removal to this Court, Defendant, through counsel, answered the complaint. *See* Doc. 3. On June 15, 2022, the Court entered clerk's minutes stating that "counsel … had reached a settlement of all claims" before an anticipated status conference. Doc. 30. The Court therefore vacated the status conference and ordered the parties to file closing documents. *See id.*; Doc. 31.

      On July 5, 2022, Defendant's attorneys moved to withdraw as counsel of record for Defendant, which the Court later granted. *See* Docs. 32, 33, 35. On August 5, 2022, the Court

also ordered Defendant to retain counsel, noting that entity parties can only appear in court through an attorney. *See* Doc. 36. The order warned Defendant that absent an entry of appearance by a new attorney, Defendant's filings could be stricken, and that default judgment or other sanctions imposed. *See id*. Defendant did not comply with the order. To date, Defendant has not retained legal counsel.

On November 28, 2022, Plaintiff moved for default judgment under Federal Rule of Civil Procedure 55. *See* Doc. 42. That rule "mandates a two-step process for a party who seeks a default judgment in his favor." *Williams v. Smithson*, 57 F.3d 1081 (10th Cir. 1995). "First, a party must obtain a Clerk's entry of default." *Branch v. Att'y for You*, No. 1:15-CV-01087-RAJ, 2016 WL 7438410, at *2 (D.N.M. June 7, 2016); *Watkins v. Donnelly*, 551 Fed. App'x. 953, 958 (10th Cir. 2014). "Second, the party must either request the clerk to enter default judgment when the claim is for 'a sum certain or a sum that can be made certain by computation,' or "[i]n all other cases, the party must apply to the court for a default judgment.'" *Branch*, 2016 WL 7438410, at *2 (quoting Fed. R. Civ. P. 55(b)(l)–(2) (alteration in original)).

In the instant case, Plaintiff's motion falters at step one of the "two-step process" under Rule 55. *Smithson*, 57 F.3d at 1081. Having reviewed the docket, the Court finds no indication that Plaintiff has obtained the Clerk's entry of default, which is a "necessary prerequisite" for the entry of default judgment. *Watkins*, 551 F. App'x at 958; *Garrett v. Seymour,* 217 Fed. Appx. 835, 838 (10th Cir. 2007) (the Clerk's entry of default is "a prerequisite for the entry of a default judgment"). Because there is no Clerk's entry of default on the record, the Court finds that Plaintiff's motion for default judgment is not well-taken and will be denied without prejudice. Plaintiff is granted permission to refile its motion for default judgment once it properly obtains a Clerk's entry of default.

For the reasons stated herein, Plaintiff's Motion for Default Judgment **(Doc. 42)** is **DENIED without prejudice**.

**IT IS SO ORDERED**.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE