IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

J&J RENTALS, LLC,
*a New Mexico Limited Liability Company*,

      Plaintiff,

v.                                                                                            2:21-cv-00626-DHU-GBW

BIGHORN CONSTRUCTION &
RECLAMATION, LLC, *a Wyoming Limited Liability Company*,

      Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment. Doc. 50. Having reviewed Plaintiff's motion for default judgment, the Court finds that the motion will be GRANTED as explained herein.

## BACKGROUND

In this matter, Plaintiff alleges that Defendant is indebted to Plaintiff for $219,830.55 on an open account. *See* Compl., Doc. 1-2, 2, 3. Shortly after removal to this Court, Defendant, through counsel, answered Plaintiff's verified complaint. *See* Doc. 3. On June 15, 2022, the Court entered clerk's minutes stating that "counsel … had reached a settlement of all claims" before an anticipated status conference. Doc. 30. The Court therefore vacated the status conference and ordered the parties to file closing documents. *See id.*; Doc. 31.

Before any closing documents were filed, Defendant's attorneys moved to withdraw as counsel of record for Defendant, which the Court later granted. *See* Docs. 32, 33, 35. On August

5, 2022, the Court also ordered Defendant to retain counsel, noting that entity parties can only appear in court through an attorney. *See* Doc. 36. The Order warned Defendant that absent an entry of appearance by a new attorney, Defendant's filings could be stricken, and that default judgment or other sanctions could be imposed. *See id*. Defendant did not comply with the order. To date, Defendant has not retained legal counsel.

On August 28, 2023, the Clerk of Court entered an amended Clerk's entry of default, noting that Defendant has "failed to plead or otherwise defend" as provided by Federal Rule of Civil Procedure 55(a). Doc. 48. On September 1, 2023, Plaintiff filed its motion for default judgment against Defendant that is currently before the Court.

## DISCUSSION

Federal Rule of Civil Procedure 55(a) "mandates a two-step process for a party who seeks a default judgment in his favor." *Williams v. Smithson*, 57 F.3d 1081 (10th Cir. 1995) (Table). "First, a party must obtain a Clerk's entry of default." *Branch v. Att'y for You*, No. 1:15-CV-01087-RAJ, 2016 WL 7438410, at *2 (D.N.M. June 7, 2016); *Watkins v. Donnelly*, 551 Fed. App'x. 953, 958 (10th Cir. 2014). "Second, the party must either request the clerk to enter default judgment when the claim is for 'a sum certain or a sum that can be made certain by computation,' or '[i]n all other cases, the party must apply to the court for a default judgment.'" *Branch*, 2016 WL 7438410, at *2 (quoting Fed. R. Civ. P. 55(b)(l)–(2)).

At step one of the "two-step process" under Rule 55, the Court must analyze whether Plaintiff has obtained a Clerk's entry of default. *Smithson*, 57 F.3d at 1081. The Court finds that the information on the Court's docket clearly indicates that Plaintiff has obtained the Clerk's amended entry of default against Defendant on September 1, 2023. An entry of default is

therefore on the record, and the Court finds that the Clerk's entry is well supported because Defendant has failed to participate in this case.

At step two of Rule 55, the Court examines the merits of Plaintiff's request for a default judgment. "[A] defendant's default does not in itself warrant the court in entering a default judgment." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). The district court must still analyze whether: (1) the court has personal and subject matter jurisdiction, and (2) whether the plaintiff's well-pled allegations state claims for relief. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) ("when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties" and must "determine that it has the power to enter the default judgment.").

The Court finds that it has subject matter required to enter a default judgment against Defendant. The facts alleged in Plaintiff's verified complaint, together with Defendant's notice of removal, establish subject matter jurisdiction under the diversity jurisdiction statute, 28 U.S.C. § 1332. As both Plaintiff and Defendant are LLCs, they "take[ ] the citizenship of all [their] members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). Defendant's notice of removal states that its members are Texas citizens and that Plaintiff's members are citizens of New Mexico. In addition, Plaintiff's verified complaint seeks at least $219,830.55 in damages and attorneys' fees, and therefore the amount in controversy exceeds $75,000. Therefore, the Court determines that there is complete diversity of citizenship between the parties and that subject matter jurisdiction exists.

Next, the Court finds that it has personal jurisdiction over Defendant. "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that

jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011) (citation omitted). New Mexico's long-arm statute extends personal jurisdiction as far as constitutionally permissible. *See Tercero v. Roman Catholic Diocese of Norwich, Connecticut*, 132 N.M. 312, 316, 48 P.3d 50, 54 (N.M. 2002). "Consequently, the [Court] need not conduct a statutory analysis apart from the due process analysis." *ClearOne Commc'ns*, 643 F.3d at 763.

The due process analysis "requires that the out-of-state defendant both 'purposefully established minimum contacts within the forum State' and that the 'assertion of personal jurisdiction would comport with 'fair play and substantial justice.''" *C5 Med. Werks, LLC v. CeramTec GMBH*, 937 F.3d 1319, 1322–23 (10th Cir. 2019) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). The minimum contacts requirement may be satisfied in two ways, through general or specific jurisdiction. *See Trujillo v. Williams*, 465 F.3d 1210, 1218 & n.7 (10th Cir. 2006). Plaintiff does not allege, and the record does not show, that Defendant is essentially "at home" in New Mexico to support general jurisdiction over it. *C5 Med. Werks*, 937 F.3d at 1323.

Accordingly, the Court examines whether specific jurisdiction over Defendant. "Specific jurisdiction calls for a two-step inquiry: (a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* (internal quotation marks omitted). Although Plaintiff's three-page verified complaint might have provided more elaboration, the Court concludes that the allegations,

4

accepted as true[1], show that specific personal jurisdiction exists. The verified complaint alleges that Defendant conducts business within New Mexico and that Defendant is indebted to Plaintiff on an open account. The Court concludes that these allegations sufficiently show that Defendant purposefully directed its activities at New Mexico and that Plaintiff's financial injury arose out Defendant's forum-related activities. *See id.* (stating that the minimum contacts test requires "(i) that the defendant must have purposefully directed its activities at residents of the forum state, and (ii) that the plaintiff's injuries must arise out of [the] defendant's forum-related activities.") (citation and internal quotation marks omitted). The Court finds that personal jurisdiction over Defendant exists, and that Defendant has not presented a compelling case demonstrating otherwise.

Having determined that the Court has subject matter and personal jurisdiction over Defendant, "the [C]ourt next must determine whether the well-pled allegations of the complaint, if true, state a claim for relief." *Nevada Gen. Ins. Co. v. Anaya*, 326 F.R.D. 685, 693 (D.N.M. 2018) (citation omitted). By defaulting, the defendant "admits the plaintiff's well-pleaded allegations of fact." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). But even though a defaulted defendant is deemed to admit the well-pleaded facts, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Bixler*, 596 F.3d at 762. Nor does the district court accept a plaintiff's allegations "related to proving damages." *Anaya*, 326 F.R.D. at 693 (citing *Craighead*, 176 Fed. App'x. at 922).

---

[1] Upon an entry of default, all the well-pleaded facts in a complaint are accepted as true. *Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016); *United States v. Craighead*, 176 Fed. App'x. 922, 924 (10th Cir. 2006) (unpublished).

Plaintiff's verified complaint is for money due on an open account, which is a legitimate cause of action in New Mexico. *See Wolf & Klar Cos. v. Garner*, 101 N.M. 116, 116–17, 679 P.2d 258, 258–59 (N.M. 1984). An open account refers to "an account based upon running or concurrent dealings between the parties which has not been closed, settled, or stated, and in which the inclusion of further dealings between the parties is contemplated." *Id.* 101 N.M. at 117, 679 P.2d at 259. A party may bring an open account claim where "[t]he continuity of an open account is broken where the relationship of the parties changes or where the account has remained dormant." *Martinez v. Albuquerque Collection Servs., Inc.*, 867 F. Supp. 1495, 1510 (D.N.M. 1994).

Therefore, an open account claim is a legitimate cause of action in New Mexico. And, by defaulting, Defendant has admitted that it "is indebted to J&J in the amount of $219,830.55 on an open account as of January 6, 2021." Compl. at ¶ 5. Defendant also admits that the account is "delinquent and a demand was made upon [Defendant] who is liable for the payment of this indebtedness," and that Defendant has "failed and refused … to pay the indebtedness owed on said open account to [Plaintiff]." *Id.* at ¶¶ 7, 9. Given these admissions by Defendant, the Court finds that, for Rule 55 purposes, Defendant has admitted to Plaintiff's well-pleaded allegations as stated in the verified complaint.

In summary, the Court finds that it has personal and subject matter jurisdiction to enter default and that Plaintiff's well-pled allegations states a claim for relief. *See Williams*, 802 F.2d at 1203. Plaintiff is therefore entitled to a default judgment under Federal Rule of Civil Procedure 55.

The Court next turns to the issue of Defendant's requested relief. "[A]lthough a default judgment establishes liability, it does not answer whether any particular remedy is appropriate."

*e360 Insight v. Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007). As such, the Court next analyzes Plaintiff's request for: (a) $219,830.55 in damages on the open account, (b) $87,449.12 in prejudgment interest, (c) post-judgment interest, (d) $6,668.21 in attorneys' fees and (e) $144.05 in costs.

### A. $219,830.55 in Damages

Plaintiff moves for $219,830.55 in damages on the open account. The Court finds that this requested relief is appropriate because as noted earlier, Defendant, by defaulting, has admitted that it "is indebted to J&J in the amount of $219,830.55 on an open account as of January 6, 2021." Compl. at ¶ 5. Defendant admits that it is "liable for the payment of this indebtedness," and that it has "failed and refused … to pay the indebtedness owed on said open account to [Plaintiff]." *Id*. at ¶¶ 7, 9. Given these admissions, Plaintiff's request for $219,830.55 in damages on the open account is granted.

### B. $87,449.12 in Prejudgment Interest

Plaintiff moves for $87,449.12 in prejudgment interest. Plaintiff calculates this figure based on a statutory rate established in N.M. Stat. Ann. § 56-8-3(A)which states that "[t]he rate of interest, in the absence of a written contract fixing a different rate, shall be not more than fifteen percent annually … on money due by contract." Plaintiff represents that it is entitled to prejudgment interest for 968 days, which is based on the day the complaint was removed from state to federal court (January 6, 2021), to the date Plaintiff filed its current motion for default judgment (September 1, 2023). Plaintiff states that the daily interest rate is $90.34. Multiplying this daily rate by 968 days, Plaintiff arrives at a total prejudgment interest award of $87,449.12.

The Court finds that Plaintiff's requested prejudgment interest award is well supported. "The purpose of an award of prejudgment interest under § 56-8-3 is to compensate a plaintiff for

7

the lost opportunity to use the money owed between the time the plaintiff's claim accrued and the time of judgment." *Salava v. Bunt*, No. 20-CV-1360 WJ/KK, 2021 WL 2036705, at *4 (D.N.M. May 21, 2021) (citing *Sunwest Bank v. Colucci*, 117 N.M. 373, 377 (N.M. 1994)). Moreover, prejudgment interest under NMSA § 56-8-3 "generally should be awarded absent peculiar circumstances as a matter of right." *Id.* (quoting *Stonebridge Life Ins. Co. v. Garcia*, No. CV 10-582 MV/DJS, 2011 WL 13112576, at *5 (D.N.M. Sept. 28, 2011)). The Court therefore awards Plaintiff's requested award of $87,449.12, which represents a daily interest rate of $90.34 multiplied by 968 days.

### C. Post-judgment Interest

"Post-judgment interest is awarded from the date of entry of the judgment at the rate of 8.75% interest, unless (1) a contract provides a different rate of interest or unless '(2) the judgment is based on tortious conduct, bad faith or intentional or willful acts, in which case interest shall be computed at the rate of fifteen percent.'" *Bird v. State Farm Mut. Auto. Ins. Co.*, 142 N.M. 346, 356, 165 P.3d 343, 353 (N.M. Ct. App. 2007) (quoting N.M. Stat. § 56–8–4(A)). "Postjudgment interest on judgments … is mandatory and accrues at the statutory rate from the date of entry of judgment, unless the judgment is based on a written instrument bearing a different rate." *Sunwest Bank of Albuquerque, N.A. v. Colucci*, 117 N.M. 373, 379, 872 P.2d 346, 352 (N.M. 1994). Because post-judgment is mandatory unless a written contract states a different rate—which there is no record evidence of—the Court grants Plaintiff's request for post-judgment interest calculated at the standard statutory rate of 8.75% interest.

### D. $6,668.21 in Attorneys' Fees

Plaintiff moves for $6,668.21 in attorneys' fees. In open account cases, a party may seek attorneys' fees. *See* N.M. Stat. Ann. § 39–2–2.1 ("In any civil action in the district court, small

claims court or magistrate court to recover on an open account, the prevailing party may be allowed a reasonable attorney fee set by the court, and taxed and collected as costs.") The Court concludes that the requested attorneys' fees are reasonable. The Court has reviewed the affidavit of Defendant's attorney, Kelly Mack Cassels, in support of Plaintiff's request for attorneys' fees. Although the affidavit could have provided more detailed information about Plaintiff's attorney's billing computations, the Court concludes that the affidavit sufficiently establish that the hours Plaintiff's counsel spent on the litigation were reasonable. Having reviewed Mr. Cassels' affidavit and analyzed the requested amount, the Court concludes that $6,668.21 is a reasonable figure. Thus, Plaintiff is awarded $6,668.21 in attorneys' fees.

### E. $144.05 in Taxable Costs

Finally, Plaintiff moves for $144.05 in taxable costs, which are also recoverable in open account cases. *See* N.M. Stat. Ann. § 39–2–2.1. Specifically, Mr. Cassels' affidavit states that Plaintiff has incurred $144.05 for the filing fees associated with Plaintiff's initial state action. The Court finds that this request is well supported and therefore granted.

### CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Default Judgment **(Doc. 50)** is GRANTED. The Court will enter a separate Default Judgment and Final Judgment that disposes of this case.

**IT IS SO ORDERED**.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

10